UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
GRIGOL KOCHIASHVILI,                          MEMORANDUM
                                              & OPINION

                Plaintiff,

                                              04CV1190(SLT)(CLP)

    -against-


SIGALIT YUDENFREUND and
RICHARD YUDENFREUND,

                Defendants.
---------------------------------------------------X
TOWNES, U.S.D.J.

      Plaintiff Grigol Kochiashvili ("Plaintiff" or "Kochiashvili") brings this diversity action for damages in connection with injuries he alleges he suffered on the property of defendants Sigalit and Richard Yudenfreund ("Defendants"). Defendants move for summary judgment dismissing the Complaint. Based upon all submissions of the parties, and for the reasons stated below, Defendants' motion is granted in full.

I.  *Statement of Facts*[1]

On July 17, 2003 Plaintiff Kochiashvili, a Pennsylvania domiciliary, and his son Tatiel Kochiashvili, visited the home of Defendants in Brooklyn, New York. (Pl. R. 56.1 Stat. ¶ 1.) At the time, Defendant Richard Yudenfreund was in the process of applying spackle to his house. (Pl. R. 56.1 Stat. ¶ 1.) Mr. Yudenfreund descended the ladder and a conversation ensued between the three on the proper technique for effectively applying the spackle. (Def. R. 56.1 Stat. at 2; Pl. R. 56.1 Stat. ¶ 2.) Plaintiff claims Defendant Richard Yudenfreund instructed him to climb the ladder and provide him with a demonstration. (Pl. R. 56.1 Stat. ¶ 2.) Plaintiff climbed the ladder, and, in the process of applying the spackle, both Plaintiff and the ladder fell, which resulted in injuries to Plaintiff's leg that required three surgeries. (Pl. R. 56.1 Stat. ¶ 2; Kochiashvili Tr. at 59.) Plaintiff testified that he "was showing [Richard] for one or two minutes....[and then] Richard and [Tatiel], they went away from the ladder and me, [Plaintiff], continued working." (Kochiashvili Tr. at 39-40.)

---

[1] In any motion for summary judgment, the moving party is required, pursuant to Local Rule 56.1(a), to submit a Statement of Material Facts that it contends are not in dispute. The non-moving party then must, pursuant to Local Rule 56.1(b), set forth the material facts that it believes are in dispute. In this case, each of the parties has submitted a Statement of Material Facts pursuant to Local Rule 56.1. However, neither statement comports with Rule 56.1. Specifically, Defendants failed to provide numbered paragraphs of the material facts it believes are not in dispute, but instead submitted a lengthy recitation of the facts and some argument in a format that prevented Plaintiff's proper response. Plaintiff responded with numbered paragraphs but failed to state the facts it believes are in dispute and thereby preclude summary judgment. Although it is not required to do so, this Court can attempt to wade through the parties' statements in an effort to do what the parties should have done themselves: determine which facts set forth by Defendants in their Rule 56.1(a) statement are controverted by Plaintiff. See Bagdasarian v. O'Neill, 00CV0258, 2002 WL 1628722, at *2 (W.D.N.Y. July 17, 2002); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 73-74 (2d Cir. 2001) (finding that "a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and declining to admit those portions of defendant's Local Rule 56.1 statement that, although not contested by plaintiff, were unsupported by deposition testimony).

Plaintiff also testified that he has extensive experience in construction. In the Republic of Georgia, Plaintiff received a degree in construction engineering. (Kochiashvili Tr. at 16-17.) He also earned the equivalent of a Ph.D. in construction engineering at the Moscow Engineering Construction Institute, and went on to own his own private construction company in Tbilisi, Georgia. (Kochiashvili Tr. at 22.) Since his migration to the United States, Plaintiff has continued working in construction and testified that he "can do all kinds of construction work." (Kochiashvili Tr. at 15.) In the course of Plaintiff's studies, he has taken courses in workplace safety and was taught to examine ladders before mounting them, though he did not undertake such an examination on the day of his accident. (Kochiashvili Tr. at 43-44.) Testimony from Plaintiff's son Tatiel revealed the presence of "debris" and a hose on the ground near the ladder. (Tatiel Kochiashvili Tr. at 62-67).

Plaintiff claims that he "was caused to fall off a ladder that was placed on an obstructed, cracked, uneven, raised, depressed, missing and/or deteriorated surface" by Defendants. Plaintiff claims this surface consisted of debris on the ground near the ladder and that, by inviting Plaintiff to ascend the ladder under these conditions, it was Defendant Richard Yudenfreund's duty to "spot" Plaintiff during his climb. Plaintiff's complaint alleges negligence on the part of Defendants and demands $1,000,000 in damages. (Complaint ¶ 7; Pl. R. 56.1 Stat. ¶ 3.) Defendants move for summary judgment on the grounds that Defendants had no duty to "spot" Plaintiff on the ladder; that Defendants had neither actual nor constructive knowledge of the alleged dangerous condition; and because Plaintiff is unable to identify the condition that allegedly caused him to fall.

II.     *Discussion*

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law." <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 69 (2d Cir. 2001) (*quoting* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986)). To be "genuine," an issue of fact must be supported by evidence "such that a reasonable jury could return a verdict for the nonmoving party." <u>Holtz</u>, 258 F.3d at 62. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). However, because the moving party bears the burden of showing that there are no genuine issues of material fact, <u>Celotex</u>, 477 U.S. at 323, "a court must resolve all ambiguities and draw all reasonable inferences against [it]." <u>Alston v. New York City Transit Authority</u>, 2003 U.S. Dist. LEXIS 21741, at *4 (S.D.N.Y. 2003) (*quoting* <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986)).

*Negligence*

"To establish a *prima facie* case of negligence under New York law, three elements must be demonstrated: (1) the defendant owed the plaintiff a cognizable duty of care as a matter of law; (2) the defendant breached that duty; and (3) plaintiff suffered damage as a proximate result of that breach." <u>Curley v. AMR Corp.</u>, 153 F.3d 5, 13 (2d Cir. 1998). "Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to

4

determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally. The scope of any such duty of care varies with the foreseeability of the possible harm." *Tagle v. Jakob*, 97 N.Y.2d 165, 168 (N.Y. 2001).

Defendants have a duty to maintain their property in a "reasonably safe condition in view of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Basso v. Miller*, 40 N.Y.2d 233, 241 (N.Y. 1976). Though Plaintiff claims Defendants caused a "defective" condition to develop on their property and thus breached their duty of care, Plaintiff has offered no evidence of the defective condition he alleges. "To impose liability...there must be evidence tending to show the existence of a dangerous or defective condition." *Brown-Phifer v. Cross County Mall Multiplex*, 282 A.D.2d 564, 564 (N.Y. App. Div. 2001).

*Evidence of Debris*

Plaintiff's allegation that the debris created a "defective" condition is supported only by the testimony of his son, who saw the debris but could not say if the ladder was resting thereon. (Tatiel Kochiashvili Tr. at 62-63.) Plaintiff then states that "it is reasonable to conjure" that an accident is more foreseeable in the presence of debris. (Pl. Mem. of Law at 3-4.) This Court cannot conclude that a dangerous condition existed on Defendants' land based on the presence of debris somewhere near the ladder from which Plaintiff fell. *Brown-Phifer*, 282 A.D.2d at 564 ("Since a jury would be required to speculate as to the cause of plaintiff's fall, summary judgment should have been granted."); *see also Christopher v. New York City Transit Authority*, 300 A.D.2d 336 (N.Y. App. Div. 2002) (reversing order denying summary judgment where

5

plaintiff unable to state cause of her fall, and jury would have been required to speculate as to the cause thereof).[2]

*Dangerousness of Ladder*

Plaintiff's claim that Defendant Richard Yudenfreund was required to spot him is also without merit. The potential dangers involved in using a ladder are considered "readily observable" by lay people employing "reasonable use of their senses." <u>Christmann v. Murphy</u>, 226 A.D.2d 1069, 1070 (N.Y. App. Div. 1996), *leave to appeal denied,* 89 N.Y.2d 801 (N.Y. 1996) (reversing denial of summary judgment where plaintiff fell from stepladder on defendant's commercial property because dangers associated with its use "obvious and readily apparent"); <u>see also</u> <u>Prairie v. Sacandaga Bible Conference Camp</u>, 252 A.D.2d 940, 941(N.Y. App. Div. 1998), *leave to appeal denied*, 92 N.Y. 816 (N.Y. 1998) (describing a ladder as a "simple appliance" and holding that where dangers are "obvious and readily apparent," there can be no liability on defendant's part for plaintiff's injuries). That Plaintiff testified to having an extensive background in construction and knowledge of the proper precautions to take before mounting a ladder makes more untenable his arguments that Defendants owed a duty to spot him and that Defendants exercised supervision and control over him. (Kochiashvili Tr. 15-17, 22.)

---

[2] Plaintiff's inability to provide evidence that the debris compromised the sturdiness of the ladder also bears on the issue of causation, as neither "but for" nor proximate cause have been adequately shown. <u>See Macey v. Truman</u>, 70 N.Y.2d 918, 919 (N.Y. 1987) ("[I]n the absence of some showing that defendant's conduct...was causally related to the accident, [defendant cannot] be held liable to plaintiff on the theory that his conduct was negligent.").

*Defendants' Duty with respect to Open and Obvious Conditions on Land*

Though Plaintiff cites a string of cases holding that the open and obvious nature of a condition does not negate Defendants' duty to keep the premises safe, those cases are inapposite, as they apply to situations where there is evidence that the injury was caused by a dangerous condition that a defendant's reasonable care could have prevented. <u>See</u>, *e.g.*, <u>Westbrook v. WR Activities-Cabrera Markets</u>, 5 A.D.3d 69, 73-76 (N.Y. App. Div. 2004); <u>Tulovic v. Chase Manhattan Bank, N.A.</u>, 309 A.D.2d 923, 924-925 (N.Y. App. Div. 2003). Had Plaintiff shown (1) that the ladder rested on the debris *or* (2) that the ladder was defective and Defendants had actual or constructive knowledge of the defect and failed to warn him thereof, this line of cases would apply to preclude summary judgment and have a jury determine the relative culpability of the parties.

However, as discussed, *supra*, Plaintiff failed to establish that the debris created a dangerous situation or was even in contact with the ladder. With respect to the ladder, the record includes only two references to any possible defects in the ladder. In his answers to Defendants' interrogatory seeking the acts constituting the alleged negligence, Plaintiff responded, *inter alia*, that "[t]he ladder on defendants' premises was defective, unstable, unsecured and placed in a dangerous position." (Def. Mem. of Law, Ex. C at 1.) In Plaintiff's deposition, he stated "I didn't fell [*sic*] down, it was the ladder that fell down," and claimed that the ladder had been fixed after the accident to conceal a deformity. (Kochiashvili Tr. At 62-63.) These conclusory allegations are insufficient to establish either that the ladder was defective or that Defendants were aware of any such defect. Furthermore, Plaintiff's testimony is contradicted by his son,

7

who testified that he did not notice anything out of the ordinary about the ladder either before or after the accident. (Tatiel Kochashvili Tr. at 43.)

In sum, while it is true that, notwithstanding the openness and obviousness of a condition, a defendant should not be able to escape liability when the breach of his or her duty to keep the premises safe has resulted in injury to a plaintiff, there must first be evidence of a dangerous condition: "*[w]here a plaintiff has presented evidence that a dangerous condition exists on the property*, the burden shifts to the landowner to demonstrate that he or she exercised reasonable care under the circumstances to remedy the condition and make the property safe." <u>Cupo v. Karfunkel</u>, 1 A.D.3d 48, 52 (N.Y. App. Div. 2003) (emphasis added); <u>see also</u> <u>Sportiello v. City of New York</u>, 6 A.D.3d 421, 422 (N.Y. App. Div. 2004) (dangerous condition does not negate defendant's duty to reasonably maintain safety of worksite). In contrast, the risks involved in certain well-known activities, including climbing a ladder, are presumed to be within one's common sense, in the absence of evidence of a defect or a dangerous condition. <u>See</u>, <u>e.g.</u>, <u>Tagle v. Jakob</u>, 97 N.Y.2d 165, 169-70 (N.Y. 2001) (no duty to warn tenant of electric wires in tree because danger "open and obvious" to "any observer reasonably using his or her senses"); <u>Cimino v. Town of Hempstead</u>, 110 A.D.2d 805, 805-806 (N.Y. 1985) (no duty to close beach or warn visitors of water conditions because conditions "readily observable").

Defendants have shown that there is neither evidence of a dangerous condition on Defendants' land nor any other evidence of a breach of a duty by the Yudenfreunds. As such, Defendants "showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case" serves to discharge their duty as the moving party on this motion. <u>Celotex</u>, 477 U.S. at 325; <u>see also id.</u> at 323 ("[C]omplete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," making "[t]he moving party...entitled to judgment as a matter of law.").

III.     *Conclusion*

Defendants have met their burden of demonstrating that there are no genuine issues of material fact. Plaintiff has failed to prove the existence of a dangerous condition on Defendants' property. Additionally, because the dangers of using the ladder in question (which has not been shown to be defective in any way) are open and obvious, particularly to someone with Plaintiff's background, Defendants had no duty to warn or assist Plaintiff therewith. Though Plaintiff's injuries may be serious, he has not shown that Defendants behaved negligently to cause those injuries and, without a dangerous condition on Defendants' property, there is no evidence here of causation. As such, the Complaint must be dismissed.

        SO ORDERED.

                                                                       _____S/_____

Dated: November 30, 2005                      SANDRA L. TOWNES
      Brooklyn, NY                         UNITED STATES DISTRICT JUDGE